(No. 3198— ▬▬▬▬▬)

MILDRED McWHIRTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1939.*

ALFRED S. PFAFF, for claimant.

514

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Joseph Sullens was employed at the State School and Colony, operated by the State of Illinois at Lincoln, from and after October 9, 1933. On or about the 15th day of January, 1937 he was employed as a general handy-man being classified as a plasterer's helper, his duties being plastering, minor carpentering and minor repair work about the buildings of the institution. In the carpenter shop there are power band and cross-cut saws, planers, jointers, lathes, drill presses and mortising machines, and in the machine shop there are power-driven presses, lathes and other machinery. On or about the 15th day of January Mr. Sullens, while passing from one building to another on the grounds of the institution, in the course of his duties, slipped and fell on the ice. He struck the back of his head on the cement sidewalk and immediately thereafter complained to one of his fellow employees. He reported his accident to Mr. Fred H. Mahler under whom he worked. A day or two after the accident the latter noticed that Mr. Sullens was acting in a strange manner and his mind seemed to be wandering. A fellow employee, Mr. Alf L. Niemberg, saw Mr. Sullens fall and strike his head. Frequent headaches resulted and in a few days he was removed to the institutional hospital. He left the hospital on two different occasions but it was necessary to return him to the hospital each time, and he died there on the 7th day of February, 1937. From the evidence in the record it satisfactorily appears that his death was the *result* of the *injuries* which he sustained on January 15th as aforesaid.

His salary at the time of his death was Sixty ($60.00) Dollars per month with an additional maintenance allowance of Twenty-four ($24.00) Dollars per month. He re-

ceived his full pay for the month of January, 1937 and for six days in February, 1937. The last check was for Twelve and 68/100 ($12.68) Dollars which was forwarded to the claimant herein as the Administratrix of his Estate. Notice of claim for compensation was made within six months and the claim was filed herein on February 3, 1938. He left surviving as his only heir at law, his daughter, Mildred McWhirter, claimant herein. Before Mr. Sullens became employed by the State he lived on a sixty-acre farm which he owned in Marion County, Illinois. His daughter, son-in-law and their daughter resided with him. The son-in-law is ruptured and does light work about the farm. Their daughter is eighteen years of age and is unemployed. The farm is improved with a three-room dwelling, barn and granary. There are ten (10) acres of pear trees, about twenty-five (25) acres of farm land and the balance is rough pasture and timber. They obtained no crops off the land between October, 1933 and January, 1937 except to aid in feeding four horses, three cows and the chickens. There is a mortgage on the land of approximately $1,000.00 now past due. During the past several years the family received some drouth relief in connection with the operation of the farm. The employee, Sullens, from month to month sent approximately all of the cash wages received by him home to his daughter and this money was spent for the living expenses of herself, husband and daughter, and for the payment of the taxes and interest on the mortgage. The record shows that claimant herein received two-thirds of her living from the proceeds of her father's salary. The family was never on relief at any time during the five years preceding the father's death, but has been receiving relief since that time. The deceased employee left no life insurance, and at the time of the hearing the funeral bills had not been paid.

The court finds that under the evidence herein appearing, the deceased employee and respondent were operating under the terms of and were bound by the provisions of the Illinois Workmen's Compensation Act; that said employee suffered an accident which arose out of and in the course of his employment and as a result of which he died. That due notice and application for payment of compensation have been given and requisite claim filed. That under the provisions of Paragraph (c), Section 144, Chapter 48, Ill. Revised Statutes, 1937, and under the facts appearing in the record, claimant

516

is entitled to an award for partial dependency on a proportionate basis of two-thirds of the total sum allowable.

"If no amount is payable under paragraph (a) or (b) of this Section (7) and the employee leaves any * * * child * * * who at the time of the injury was partially dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1,000.00 and not more in any event than $3,750.00."

*(Sec. 7 (c) Workmen's Compensation Act.)*

Joseph Sullens' monthly wage should be computed on the basis of Eighty-four ($84.00) Dollars per month, or One Thousand Eight ($1,008.00) Dollars per year. Applying the above rule an award is due in the present case of Two Thousand Six Hundred Eighty-eight ($2,688.00) Dollars. The average weekly wage would figure Nineteen and 38/100 ($19.38) Dollars and any award payable hereunder would be on the basis of fifty (50) per cent thereof, or Nine and 69/100 ($9.69) Dollars per week. The accident in question occurred January 15, 1937 and payments have accrued for a period of one hundred twelve (112) weeks to March 12, 1939, resulting in an earned award to the latter date of One Thousand Eighty-five and 28/100 ($1,085.28) Dollars, less $13.65 heretofore paid for unproductive time, making $1,071.63 due at this time; and future monthly payments on the basis of Nine and 69/100 ($9.69) Dollars per week for one hundred sixty-five (165) weeks commencing March 19th and one final payment of Three and 87/100 ($3.87) Dollars, making total deferred payments in the aggregate sum of One Thousand Six Hundred Two and 72/100 ($1.602.72) Dollars.

An award is therefore hereby entered in favor of Mildred McWhirter, Petitioner herein, as the partially dependent daughter of Joseph Sullens for the sum of Two Thousand Six Hundred Seventy-four and 35/100 ($2,674.35) Dollars payable as follows:

$1,071.63, payable at the present time;
1,598.85, payable hereafter on the weekly basis of $9.69 per week for 165 weeks; and
3.87, final payment.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1938 (Sess. Laws 1938 p. 83), and being, by the terms of such Act, subject

to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such Act.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.